DECISION AND JUDGMENT ENTRY CIVIL APPEAL FROM COMMON PLEAS COURT
{¶ 1} This is an appeal from a Lawrence County Municipal Court judgment that granted restitution of certain premises in a forcible entry and detainer action. Terry Christian, defendant below and appellant herein, assigned the following errors for review:
 {¶ 2} First Assignment of Error:
 {¶ 3} "The Trial Court erred in vesting jurisdiction."
 {¶ 4} Second Assignment of Error:
 {¶ 5} "The Trial Court erred by not inquiring into the contract between plaintiff and defendant(s)"
 {¶ 6} Third Assignment of Error:
 {¶ 7} "The Trial Court erred when determining a partly true complaint during trial and failing to render judgment for restitution of that part only."
 {¶ 8} Fourth Assignment of Error:
 {¶ 9} "The trial court erred when failing to order the bailiff to levy the goods and chattels of defendant(s) upon execution."
 {¶ 10} On July 9, 2003, Anthony Dale Christian, plaintiff below and appellee herein, filed a forcible entry and detainer complaint concerning a mobile home located in the village of Willow Wood in Lawrence County. The complaint alleged that appellant (appellee's brother) "entered upon said premises as tenant of the plaintiff, the lease thereof expired at the time herein first mentioned [May 19, 2003], and from that time said defendant was unlawfully and forcibly held over said term." Included in the original papers is a "Notice to Leave the Premises" served on appellant on May 23, 2003. This notice includes "grounds" stating that appellant "occupying without rent or compensation, placing your Mobile Home without my permission." The notice further provides that if appellant failed to leave the premises, an eviction action may be forthcoming.
 {¶ 11} On July 29, 2003, the parties appeared at a hearing before a magistrate. At the hearing, appellee testified that appellant originally had appellee's permission to place the mobile home on the ten and one-half acre parcel. Appellant, however, failed to pay rent or any type of compensation. Appellee stated that he withdrew permission for appellant to occupy the property and when asked if he wants the mobile home moved, appellee replied "whatever it takes to get him out of there I don't care just get him out." When asked about the mobile home, appellee stated "it belongs to the bank I don't know if he got possession of it or not" — "right, it's not mine, yes they can take it all and just whatever it takes to take of it."
 {¶ 12} Appellant testified that he believed that the grounds set forth in the eviction notice "are not true" and that he originally believed that the eviction notice constituted an attempt to evict him "from the mobile home and the farm. And until today it was. . . .I didn't know that I could move the mobile home from the farm." The court noted that in reference to the mobile home, appellant did indeed have the right to move his property.
 {¶ 13} At the conclusion of the hearing, the trial court granted a writ of restitution to restore the possession of the premises to the appellee. Appellant filed a timely notice of appeal.
 I. {¶ 14} In his first assignment of error, appellant contends that the trial court "erred in vesting jurisdiction." In particular, appellant asserts that the trial court did not "inquire whether the grounds for the cause of action were true or fraudulent." Appellant further states that "the Defendant testified to the court that he believed the grounds in the Notice to Vacate the Premises were not true" and "despite the Defendant's statement that the grounds to evict were not true, the trial court continued and appears to have relied upon the grounds cited and Plaintiff's testimony as fact when vesting jurisdiction."
 {¶ 15} Appellant appears to argue that in light of his trial testimony that rebutted appellee's trial testimony, the trial court failed to "inquire whether the grounds were true or fraudulent." We disagree with appellant. The trial court conducted an evidentiary hearing and both parties had the opportunity to present evidence. In fact, both the appellee and the appellant offered testimony. As in any court proceeding, the trier of fact, in this case the magistrate, may choose to believe all, part or none of any testimony offered at trial. Matters of credibility are entrusted to the trier of fact. It is the trier of fact's duty to resolve conflicting evidentiary claims. In the case sub judice, the trier of fact opted to believe the appellee's version of the events in question. We find no error with the trial court's determination.
 {¶ 16} Accordingly, based upon the foregoing reasons we hereby overrule appellant's first assignment of error.
 II. {¶ 17} In his second assignment of error, appellant asserts that the trial court erred "by not inquiring into the contract between plaintiff and defendant(s)." Appellant further states that "the trial court erred when not inquiring into any contractual issues during trial. It is well established in the record that the trial court did not inquire into any contractual facts despite Plaintiff's alleged terms of lease expiring, despite Plaintiff's permission had been allegedly withdrawn and despite Forcible Entry and Detainer actions are a summary, possessory action at law based upon contract."
 {¶ 18} Again, we note that the trial court conducted an evidentiary hearing. At the hearing, each party had the opportunity to present relevant evidence. The court provided appellant with the opportunity to be heard. At trial, appellant did not raise any issue relating to "contractual issues." Appellant apparently believes that the trial court must conduct some independent inquiry into each case presented to it. Appellant, however, misunderstands the function of the court and the role of the litigants. We find no error with the trial court's actions in this regard.
 {¶ 19} Accordingly, based upon the foregoing reasons we hereby overrule appellant's assignment of error.
 III. {¶ 20} In his third assignment of error, appellant contends that the trial court erred "when determining a partly true complaint during trial and failing to render judgment for restitution of that part only." Although difficult to discern, it appears that appellant asserts that "the trial court found the complaint to be "partly true."[2] Appellant concludes his argument as follows:
 {¶ 21} "It is well established in the record that the trial court determined a partly true complaint during trial then issued Writs of a true complaint. Appellant believes the trial court erred when determining a partly true complaint, yet issuing Writs of a true complaint against Defendant(s)."
 {¶ 22} It appears that the "partly true" portion of the complaint is that appellant "has a right to his property" (i.e. the mobile home and its contents). We find nothing in the record or file to indicate that the trial court awarded the mobile home to the appellee. To the contrary, the court noted that the mobile home belonged to the appellant. Appellee testified that he simply wanted the mobile home removed from the real estate. Moreover, the writ of restitution pertained only to the real estate.
 {¶ 23} Accordingly, based upon the foregoing reasons we hereby overrule appellant's third assignment of error.
 IV. {¶ 24} In his fourth assignment of error, appellant asserts that the trial court erred "when failing to order the bailiff to levy the goods and chattels of defendant(s) upon execution." Appellant contends that "R.C. 1923.13(B)[3] establishes Writs of Execution shall levy the good and chattels of Defendants being forcibly removed from premises following Forcible Entry and Detainer actions" and that "at no time was the Defendant(s) goods and chattels considered to be levied." Appellant appears to assert that the trial court erred by failing to order the authorities to levy appellant's goods and chattels, and "make the costs" and "all accruing costs."
 {¶ 25} First, we note that the statute appellant cites applies only to a "manufactured home park resident." We find no evidence in the instant case to establish that appellant is a manufactured home park resident. Second, we note that Black's Law Dictionary
 {¶ 26} (5 Ed.Rev. 1979) 816 defines levy as follows:
 {¶ 27} v., to assess; raise; execute; exact; tax; collect; gather; take up; seize. Thus, to levy an execution, i.e. to levy or collect a sum of money on execution. n., A seizure. The obtaining of money by legal process through seizure and sale of property; the raising of the money for which an eviction has been issued.
 {¶ 28} The fact that the trial court "failed" in the case sub judice to "order the bailiff to levy the goods and chattel of defendant upon eviction" to satisfy all of the associated costs benefitted the appellant. We find no error with the trial court's judgment.
 {¶ 29} Accordingly, based upon the foregoing reasons we hereby overrule appellant's fourth assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed. Appellee shall recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, P.J. Harsha, J.: Concur in Judgment Opinion
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[2] {¶ a} In support of his argument, appellant's brief cites the trial court's statement at the conclusion of the hearing:
{¶ b} "COURT: So very well, then I would find that he has a right to his property; you have a right to your property the timing is the only question. We'll let time take care of that. Thank you gentlemen."
[3]R.C. 1923.13(B) provides in pertinent part:
{¶ a} (B) When a judgment of restitution is entered by a court in any action under this chapter against a manufactured home park resident or the estate of a manufactured home park resident, at the request of the plaintiff or the plaintiff's agent or attorney, that court shall issue a writ of execution on the judgment, in the following form, as near as practicable:
{¶ b} "The state of Ohio, county; To any constable or police officer of township, city, or village; or To the sheriff of county; or To any authorized bailiff of the (name of court):
{¶ c} Whereas, in a certain action for eviction of a resident or a resident's estate from the following described residential premises of a manufactured home park on which the following described manufactured home, mobile home, or recreational vehicle is located, to wit:, lately tried before this court, wherein
{¶ d} was plaintiff, and was defendant, judgment was rendered on the day of, that the plaintiff have restitution of the premises and also that the plaintiff recover costs in the sum of . You therefore are hereby authorized to cause the defendant to be removed from the residential premises, if necessary. Also, you are to levy of the goods and chattels of the defendant, and make the costs previously mentioned and all accruing costs, and of this writ make legal service and due return.